AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

FILED _____ LODGED
_____ RECEIVED

**JAN 17 2020**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
Forensic Images Stored in the IRS Computer
Forensics Lab, as Described in Attachment A

)
)
)
)
)
)

Case No.  MJ20-5008

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Forensic Images, more fully described in Attachment A, incorporated herein by reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1001 | False Statement |
| 26 U.S.C. § 7206(2) | Aiding or Assisting in the Preparation of False Tax Returns |

The application is based on these facts:

✔ See Affidavit of Special Agent Sanjay Battan, IRS-CI, attached hereto.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☐ by reliable electronic means, or ☐ telephonically recorded.

_____
*Applicant's signature*

SANJAY BATTAN, Special Agent
*Printed name and title*

◉ The foregoing affidavit was sworn to before me and signed in my presence, or
◯ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: _____01/17/2020_____

_____
*Judge's signature*

City and state:  Tacoma, Washington

J. RICHARD CREATURA, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

Images to be Searched

The items to be searched are forensic images of the following computers currently maintained at the IRS Computer Forensics Lab, Internal Revenue Service Criminal Investigation, 915 2nd Avenue, Seattle, Washington 98174 (collectively referred to as "Images"):

1. HP All-in-One Computer SN 2MD0370PC5
2. Toshiba Satellite Model L505-S6959 SN 89541478Q
3. HP Pavilion Model DV2500 SN 2CE73606DH

This warrant authorizes the forensic examination of the Images for the purpose of identifying the electronically stored information described in Attachment B.

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# ATTACHMENT B

## Items to be Seized

This warrant authorizes the government to search for and seize the following records, documents, files, or materials, that are electronically stored that constitute evidence, of the commission of False Statement, in violation of Title 18, United States Code, Section 1001, and Aiding or Assisting in the Preparation of False Tax Returns, in violation of Title 26, United States Code, Section 7206(2), as described in the attached affidavit in support of a search warrant incorporated herein as if fully set forth, between the dates of December 2010, and December 2014.

1. For the digital devices described in Attachment A:

 a. Evidence of who used, owned, or controlled the digital device or other electronic stored media at the time the things described in Attachment B to the December 2014 Search Warrants (granted by Magistrate Judge Strombom in this case on December 15, 2014), were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence; and

 b. Evidence of software that would allow others to control the digital device or other electronic storage media, such as viruses, Trojan horses, and other forms of malicious software.

1
2
3 STATE OF WASHINGTON          )
4                              )      ss
5 COUNTY OF PIERCE             )
6

**AFFIDAVIT**

7       1.      I, Sanjay Battan, a Special Agent with the Criminal Division of the Internal

8 Revenue Service, being first duly sworn, depose and state as follows:

## I.  INTRODUCTION

10       2.      I am a Special Agent with the Internal Revenue Service, Criminal

11 Investigation (IRS-CI).  I am assigned to the IRS-CI Seattle Field Office.  I have been

12 employed since July 2012.  My duties and responsibilities include the investigation of

13 possible criminal violations of the Internal Revenue laws (Title 26, United States Code),

14 the Bank Secrecy Act (Title 31, United States Code), the Money Laundering Control Act

15 of 1986 (Title 18, United States Code, Sections 1956 and 1957), and other related

16 offenses.  I earned a Bachelor of Arts degree in accounting and information systems from

17 the University of Washington, Seattle in 2006.  I attended the Criminal Investigator

18 Training Program and the Internal Revenue Service (IRS) Special Agent Basic Training

19 at the Federal Law Enforcement Training Center where I received detailed training in

20 conducting financial investigations.  The training included search and seizure, violations

21 of the Internal Revenue laws, and IRS procedures and policies in criminal Investigations.

22 Prior to becoming a Special Agent, I was a Revenue Agent with the IRS and held that

23 position since approximately March 2010.  I am a Certified Public Accountant (CPA)

24 licensed in the State of Illinois.  I have conducted and assisted in investigations involving

25 financial crimes.  I have led and participated in search warrants and have interviewed

26 witnesses and defendants who were involved in, or had knowledge of, violations of the

27 Internal Revenue Code, the Bank Secrecy Act, and the Money Laundering Control Act.

28 In the course of my employment with IRS-CI, I have conducted or been involved in

SA Sanjay Battan Affidavit
2014R01104 - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   investigations of alleged criminal violations, which have included Tax Evasion (26

2   U.S.C. § 7201), Filing a False Tax Return (26 U.S.C. § 7206(1)), Aiding or Assisting in

3   the Preparation of False Tax Returns (26 U.S.C. § 7206(2)), Conspiring to Defraud the

4   United States (18 U.S.C. § 371), Wire and Mail Fraud (18 U.S.C. § 1343 and § 1341),

5   Aggravated Identity Theft (18 U.S.C. § 1028A), and Money Laundering (18 U.S.C. §

6   1956 and § 1957), among others.  I have led and participated in the execution of Federal

7   search warrants and the consensual searches of records involving the seizure of records

8   relating to the concealment of assets and proceeds derived from fraud.  I have received

9   specialized training in cyber security and a two-week course at the Federal Law

10  Enforcement Training Center on conducting cyber-enabled investigations.

11        3.      I submit this Affidavit in support of a Search Warrant authorizing the re-

12  examination of forensic images made of three computers pursuant to the execution of

13  Search Warrants on December 17, 2014.  On December 15, 2014, IRS SA Eric Hergert

14  submitted to Magistrate Judge Karen Strombom an Application and Affidavit for Search

15  Warrants, seeking authorization for the IRS to search the (1) residence of CLEO REED,

16  JR., located at 6509 80th Street Southwest, Lakewood, Washington 98499, and (2) CLEO

17  REED, JR. 's business, Everyday Essentials, located at 7824 River Road East, Suite E,

18  Puyallup, Washington 98371, for evidence, fruits, and instrumentalities of the following

19  offenses: (1) False Claims Conspiracy, in violation of Title 18, United States Code,

20  Section 286; (2) Aiding or Assisting in the Preparation of False Tax Returns, in violation

21  of Title 26, United States Code, Section 7206(2); (3) Mail Fraud, in violation of Title 18,

22  United States Code, Section 1341; and (4) Wire Fraud, in violation of Title 18, United

23  States Code, Section 1343.  ("December 2014 Warrants").

24        4.      In his Affidavit in support of the December 2014 Warrants, at paragraph

25  76, SA Hergert set out probable cause that evidence or the aforementioned crimes would

26  be found on computers located at the search locations.  Additionally, at paragraph 78(b),

27  SA Hergert set out probable cause to search for evidence relating to who controlled

28  seized computers at the time offenses were committed.  Specifically, SA Hergert averred:

SA Sanjay Battan Affidavit
2014R01104 - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

78. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described in the warrant, but also for forensic electronic evidence that establishes how digital devices or other electronic storage media were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any digital devices or other electronic storage media located at the SUBJECT PREMISES:

> (b) Forensic evidence on a digital device or other electronic storage media can also indicate who has used or controlled the device. This "user attribution" evidence (i.e. is analogous to the search for " indicia of occupancy" while executing a search warrant at a residence. For example, registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, the presence or absence of malware, and correspondence (and the data associated with the foregoing, such as file creation and last-accessed dates) may be evidence of who used or controlled the digital device or other electronic storage media at a relevant time.

5.      Finding probable cause to search (1) CLEO REED, JR.'s residence and (2) the business premises of Everyday Essentials, Magistrate Judge Strombom signed the two Search Warrants authorizing IRS Agents to search both locations. In doing so, Magistrate Judge Strombom authorized the IRS Agents to search for and seize the items enumerated in Attachment B, including, evidence of who controlled the computers at the time they were used to commit the tax offenses complained of. Specifically, at paragraph 25 of Attachment B, Magistrate Judge Strombom authorized IRS Agents to search seized computers for:

> 25. For any digital device or other electronic storage media which electronically stored information that is called for by this warrant may be contained, or that may contain things otherwise called for by this warrant:
>
> > a.   Evidence of who used, owned or controlled the digital device or other electronic media at the time the things described in tis warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents,

SA Sanjay Battan Affidavit
2014R01104 - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  browsing history, user profiles, email, email contacts, "chat," instant
2  messaging logs, photographs, and correspondence;

3  6.      A copy of SA Hergert's December 2014 Application and Affidavit in
4  Support of Search Warrants, and the two Search Warrants, are attached hereto as
5  Attachment C.  Attachment C is incorporated as if fully set forth herein.

6  7.      During the execution of the Search Warrants on December 17, 2014, IRS
7  Agents seized and imaged the following computers at CLEO REED, JR.'s residence and
8  business, Everyday Essentials ("the forensic images"):

*Images Made of Devices Located at Cleo Reed, JR.'s Residence*

HP All-in-One computer SN 2MD0370PC5 ("HP All-in-One"): The HP
All-in-One was found on a table in the office at the residence.  Imaging
began on December 17, 2014, at 13:25 and ended at 15:53.

Toshiba Satellite Model L505-S6959 SN 89541478Q ("Toshiba"): The
Toshiba was found under the master bedroom bed at the residence.
Imaging began on December 17, 2014, at 14:05 and ended at 14:59.

*Image Made of Device Located at Cleo Reed JR.'s Business, Everyday*
*Essentials*

HP Pavilion Model DV2500 SN 2CE73606DH ("HP Pavilion"): The HP
Pavilion was found in the business office.  Imaging began on December 17,
2014 at 15:51 and ended at 16:54.

8.      Upon seizing these forensic images, SA Hergert searched them by
conducting keyword searches.  As a result, SA Hergert received "hits" on files that are
located on the HP All-in-One and Toshiba, located in CLEO REED, JR.'s residence, and
on the HP Pavilion, located in CLEO REED, JR.'s business.  SA Hergert did not focus
his search efforts on identifying who was using the computers at the times that relevant
documents were created, such as by searching system files and account usage items, and
analyzing systems logs[1] for login/logoff times.

---

[1] System logs include logs the operating system makes, applications, and security logs.

SA Sanjay Battan Affidavit
2014R01104 - 4

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

9.      I was assigned to the CLEO REED, JR., investigation during approximately May 2018 when I transferred to the Internal Revenue Service, Criminal Investigation Seattle Field Office, and SA Hergert was assigned to a different unit.

10.     As further discussed below, after IRS Agents executed the Search Warrants on December 17, 2014, IRS Agents interviewed CLEO REED, JR., on two occasions, February 15, 2015, and May 5, 2019. I submit that there is probable cause to believe that during those interviews, CLEO REED, JR., made false material statements to the interviewing IRS Agents, in violation of Title 18, United States Code, Section 1001. I also believe that there is probable cause that the aforementioned seized forensic images contain material evidence relating to CLEO REED, JR.'s false statements to the IRS Agents. Accordingly, I am currently seeking to re-examine the imaged computers. As discussed herein, and in Attachment B, I am specifically seeking evidence relating to who controlled the imaged computers at the time that fraudulent tax returns were filed. I note that any evidence garnered during the search regarding CLEO REED, JR.'s false statements to the IRS necessarily will be relevant to offenses named in the December 2014, Affidavit and Search Warrants, including the offense of Aiding or Assisting in the Preparation of False Tax Returns, in violation of Title 26, United States Code, Section 7206(2).

11.     In submitting this Affidavit in support of a Search Warrant authorizing the re-examination of the forensic images, I, and the AUSA Assigned to this case, AUSA Arlen Storm, are unaware of any statute or Ninth Circuit case law negating Judge Strombom's original authorization to search the forensic images for evidence of who controlled computers at the time fraudulent tax returns were filed. Nevertheless, given the passage of time, and in order to avoid unnecessary litigation regarding the issue, we are seeking a second warrant authorizing the IRS to re-examine the seized images.

12.     The forensic images are currently maintained at the IRS Computer Forensics Lab of Internal Revenue Service Criminal Investigation, 915 2nd Ave Seattle,

SA Sanjay Battan Affidavit
2014R01104 - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 Washington 98174.  No charges have been filed in the case, and CLEO REED, JR.,

2 currently is not represented by counsel.

3 **II.    STATUTORY AUTHORITY**

4 13.    Title 18, United States Code, Section 1001 (False Statement) provides, in

5 relevant part:

6 (a)  Except as otherwise provided in this section, whoever, in any matter
within the jurisdiction of the executive . . .  branch of the Government
7 of the United States, knowingly and willfully-

8
(2) Makes any materially false, fictitious, or fraudulent statement or
9 representation . . .

10
shall be fined under this title, imprisoned not more than 5 years . . .
11

12
13 14.    Title 26, United States Code, Section 7206(2) (Aiding in Preparation of

14 False Tax Returns) provides, in relevant part:

15 An person who willfully aids or assists in, or procures, counsels or advises
the preparation or presentation under or in connection with any matter
16 arising under, the internal revenue laws, of a return, a return, affidavit,
claim, or other document, which is fraudulent or is false as to any material
17 matter whether or not such falsity or fraud is with the knowledge or consent
of the persona authorized or required to present such return, affidavit or
18 claim, or document shall be guilty of a felony, and upon conviction thereof,
shall be fined not more than $100,000 . . .  or imprisoned not more than 3
19 years, or both, together with the costs of prosecution.
20

21 **III.    OVERVIEW OF DECEMBER 2014 SEARCH WARRANT AFFIDAVIT**

22
23 15.    As noted above, SA Hergert's December 2014 Affidavit and the

24 corresponding Search Warrants are attached hereto as Attachment C.  For the

25 convenience of the Court, however, below I have provided an overview of SA Hergert's

26 Affidavit ("the Affidavit").

27 16.    The Affidavit explained that the Earned Income Tax Credit ("EITC") is a

28 fully refundable tax credit that is provided to low-income individuals who meet certain

SA Sanjay Battan Affidavit
2014R01104 - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  qualifications, including earning some income during the tax year.  See ¶ 11.  Income

2  above or below a given range results in an EITC that is less than the maximum allowed,

3  however.  *Id.*  Income that can be claimed as earned income, includes (1) what is referred

4  to as "Household Help" income; and (2) income earned from self-employment, that is, by

5  operating a Schedule C business.  *Id.*  Household Help income typically is earned by

6  household employees such as nannies, residence keepers, or gardeners.  *Id.*

7      17.     The Affidavit explained that an IRS investigation conducted during 2010,

8  revealed that CLEO REED, JR.'s father, CLEO REED, SR., prepared clients' tax returns

9  through a business he called WE "B" TAX SERVICES.  In doing so, CLEO REED, SR.,

10 fraudulently overstated the incomes clients earned - by falsely including Household Help

11 or Schedule C business income - in order to claim for the clients the maximum possible

12 EITC refund.  See ¶ 12.

13     18.     The Affidavit explained that on April 15, 2010, IRS Criminal Investigation

14 ("IRS CI") Special Agents executed a Search Warrant at We "B" Tax Service, during

15 which searching IRS Agents sought evidence that CLEO REED, SR., had fraudulently

16 claimed EITC refunds on behalf of his clients.  See ¶ 23.  The Affidavit explained that on

17 June 26, 2013, CLEO REED, SR., entered a guilty plea to False Claims Conspiracy, and

18 that on October 17, 2013, the District Court sentenced CLEO REED, SR., to 30 months'

19 imprisonment.  See ¶ 13.  Due to health concerns, however, CLEO REED, SR., did not

20 report to prison until September 2014.  *Id.*

21     19.     The Affidavit explained that during December 2010, while the investigation

22 of CLEO REED, SR., was ongoing, CLEO REED, JR., using the business name "Just Us

23 Tax Services" applied for and received from the IRS an Electronic Filing Identification

24 Number ("EFIN") and Preparer Tax Identification Number ("PTIN").  See ¶ 25.  Using

25 these numbers, during 2011, Just Us Tax Services electronically filed approximately 388

26 federal income tax returns, and during 2012, it electronically filed approximately 528

27 federal income tax returns.  See ¶ 27.  In these returns, Just Us Tax Services claimed an

28 unusually high number of ETIC tax refunds.  And, most of the income reported on the tax

SA Sanjay Battan Affidavit
2014R01104 - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 | returns purportedly was earned from providing Household Help and operating small

2 | Schedule C businesses. See ¶ 29.

3 |     20.    The Affidavit explained that due to the unusual number of income tax

4 | returns filed claiming EITC refunds, the IRS revoked the EFIN it had granted Just Us Tax

5 | Services, expelled it from IRS e-file program, and denied CLEO REED, JR.'s appeal.

6 | See ¶¶ 31, 36.

7 |     21.    The Affidavit explained that during July 2013, CLEO REED, JR.'s

8 | employee, Yudorian Young, using the business name "Youngs Tax Services," applied for

9 | and ultimately received from the IRS an EFIN and PTIN. See ¶¶ 37-38. Using these

10 | numbers, between February 2014, and August 2014, Youngs Tax Services electronically

11 | filed federal income tax returns. See ¶¶ 37-38. In these returns, Youngs Tax Services

12 | claimed an unusually high number of ETIC tax refunds. See ¶¶ 40-43. And, again, most

13 | of the income reported on the tax returns purportedly was earned from providing

14 | Household Help and operating small Schedule C businesses. *Id.*

15 |     22.    The Affidavit explained that when a tax return is submitted to the IRS

16 | electronically, the IRS captures the IP address of the computer submitting the tax return.

17 | See ¶ 53. The IP addresses captured for tax returns that Youngs Tax Services filed

18 | electronically in 2014 reveal that Youngs Tax Services filed tax returns using premises

19 | under CLEO REED, JR.'s control, that is (1) CLEO REED, JR. 's business, Everyday

20 | Essentials; (2) CLEO REED, JR.'s residence; and (3) CLEO REED, JR.'s place of

21 | employment, the Sumner School District. *Id.*

22 |     23.    The Affidavit explained that, in addition to the Youngs Tax Services tax

23 | returns being filed from premises that CLEO REED, JR., controlled, the address listed for

24 | Youngs Tax Services on the tax returns was a P. O. Box that CLEO REED, JR., leased.

25 | See ¶ 52. And, the phone number for Youngs Tax Services, which was listed on some

26 | tax returns, was the same phone number that previously had been used for Just Us Tax

27 | Services. *Id.*

28 |

SA Sanjay Battan Affidavit
2014R01104 - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    24.    The Affidavit also explained that Yudorian Young paid most of the

2  preparer fees he made during 2014 to CLEO REED, JR.  That is, Yudorian Young paid

3  CLEO REED, JR., $20,817, of the $34,632 in preparer fees that Yudorian Young

4  received during 2014.  See ¶¶ 62-64.

5    25.    The Affidavit also cited statements made by several tax filers whose tax

6  returns claimed EITC refunds, including S.R. and A.R., a married couple.  *See* ¶ 49.  The

7  Affidavit noted that when SA Hergert interviewed S.R. and A.R. regarding tax returns

8  filed on their behalf during 2014, they stated that while they had "smoked weed," with

9  Yudorian Young, he had "nothing to do" with their taxes.  Instead, their taxes were filed

10  by CLEO REED, JR.  *Id.*  I note, however, when SA Hergert subsequently interviewed

11  Yudorian Young on May 26, 2015, he admitted that he had recruited S.R. and AR. on

12  behalf of CLEO REED, JR.  *Id.*  I note that a tax return filed in S.R.'s name was filed on

13  February 13, 2014, at 12:05 am from CLEO REED, JR.'s residence, using IP address

14  174.21.182.188.  A tax return in A.R.'s name was filed on February 13, 2014, 6:46 p.m.,

15  from Everyday Essentials, using IP address 162.17.177.150.  Both tax returns claimed

16  EITC refunds as a result of S.R. and A.R. purportedly earning Household Help income.

### IV.    PROBABLE CAUSE

**A.    The IRS Interviews CLEO REED, JR., on Two Occasions**

20    26.    On February 13, 2015, SA Hergert interviewed CLEO REED, JR.  During

the interview, CLEO REED, JR., discussed the operation of both Just Us Tax Services

and Youngs Tax Services.

23        a.    With respect to Just Us Tax Services, CLEO REED, JR., stated

that he created the tax preparation business because CLEO REED, SR., asked him to.

CLEO REED, JR., refused to say whether his parents used Just Us Tax Services to file

returns, but maintained that through Just Us Tax Services, he only prepared legitimate

returns for W-2 wage earners, and did not prepare returns for individuals who had earned

Household Help income.  CLEO REED, JR., stated that most of the Just Us Tax Services

SA Sanjay Battan Affidavit
2014R01104 - 9

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   clients previously were his father's clients, and that he gave one-half of the preparer fees

2   earned by the business to his parents.

3           b.    With respect to Youngs Tax Services, CLEO REED, JR., stated

4   that Yudorian Young set up Youngs Tax Services and that CLEO REED, JR., merely

5   referred clients to Yudorian Young.  CLEO REED, JR., denied preparing tax returns

6   through Youngs Tax Services during 2014.  CLEO REED, JR., stated that, in fact, he

7   fired Yudorian Young after W.T. told CLEO REED, JR., that Yudorian Young had been

8   preparing tax returns while working at Everyday Essentials.  CLEO REED, JR., admitted

9   that during 2014, Yudorian Young gave him $20,000, out of the $34,000 in preparer fees

10   received for the year.  CLEO REED, JR., claimed, however, that the funds represented

11   (1) the repayment of a loan and (2) referral fees for sending tax clients to Yudorian

12   Young.  CLEO REED, JR., denied that Tina Pallister had worked for him as a recruiter.

13       27.    On May 5, 2019, SA Hergert and I conducted an audio-recorded interview

14   of CLEO REED, JR.  During the interview, CLEO REED, JR., discussed the operation of

15   both Just Us Tax Services and Youngs Tax Services.

16           a.    With respect to Just Us Tax Services, CLEO REED, JR., stated

17   that after the IRS executed a search warrant at his father's tax preparation business, he set

18   up Just Us Tax Services, a tax preparation business, and that in applying for an EFIN, he

19   "might not" have listed his father as a partner because his father "got raided." He stated

20   he set up Just Us Tax Services because his father asked him to do so, and, thereafter,

21   through Just Us Tax Services, his father filed tax returns.  CLEO REED, JR., stated that

22   his father filed some of those returns from CLEO REED, JR.'s residence, using CLEO

23   REED, JR.'s computer and EFIN.  CLEO REED, JR., stated that he and his mother also

24   filed returns through Just Us Tax Services, but he and his mother only filed returns for

25   which the tax filer received a W-2, and they did not prepare returns claiming that the tax

26   filers had earned income by providing Household Help or operating Schedule C

27   businesses.  He stated that his father referred clients to him.

28

SA Sanjay Battan Affidavit
2014R01104 - 10

1    b.  With respect to Youngs Tax Services, CLEO REED, JR., stated

2 that he did not continue preparing tax returns after he learned from the accounting

3 software firm Mainstreet Tax Solutions, that sold Taxwise, that his EFIN had been

4 revoked.  Among other things, he stated, "I never prepared any taxes under anybody's

5 EFIN other, uh, number other than my own's.  That's what I can tell you with hundred

6 (100%) surety."  CLEO REED, JR., stated that when his father wanted someone to take

7 over the tax preparation business, he referred Yudorian Young to his father.  While he

8 gave Yudorian Young some advice on setting up the business, he told Yudorian Young

9 "this is between you and my dad . . . I'm out of it."  He specifically denied preparing tax

10 returns with Yudorian Young during 2014, stating "I never worked with Dorian, nor have

11 I ever filed any taxes with Dorian . . ."  When asked why IRS and IP Address records

12 show that tax returns were filed from his residence during the early morning hours of

13 February 13, 2014, and phone records reveal that calls and text messages were sent

14 between CLEO REED, JR., and Yudorian Young during the early morning hours of

15 February 13, 2014, CLEO REED, JR., asserted that he would have been at work February

16 13, 2014, and didn't work on taxes late at night.  He also stated that the subject of the

17 calls and texts between him and Yudorian Young could not have been taxes, because,

18 while he didn't "know when Yudorian opened up his tax services, but [Yudorian Young]

19 couldn't have been doing it at the same time [CLEO REED, JR.] was operational."  He

20 stated that any tax returns filed on February 13, 2014, could have been filed by his father,

21 who might have been "hangin' out that night."  He explained the fact that during 2014,

22 Yudorian Young paid him approximately 60% of the preparer fees (that is, paid him

23 $20,817 of the approximately $36,000 received at the end of the filing season) by

24 asserting that Yudorian Young was repaying a debt.  CLEO REED, JR., stated that he

25 paid part of the funds he received from Yudorian Young to his father, and that those

26 funds represented his father's portion of the tax preparation fees earned during the year.

27 He stated that he subsequently fired Yudorian Young from his employment at Everyday

28

SA Sanjay Battan Affidavit
2014R01104 - 11

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  Essentials after he learned that Yudorian Young had been preparing tax returns from

2  work.  CLEO REED, JR., denied that he had ever hired Tina Pallister as a recruiter.

3      28.    As further discussed below, there is probable cause to believe that CLEO

4  REED, JR., made false statements to interviewing IRS Agents during the February 2015,

5  and May 2019, interviews.  That is, among other things, there is probable cause to believe

6  that CLEO REED, JR., falsely claimed that (1) during 2014, he did not prepare or file *any*

7  tax returns using the EFIN assigned to Yudorian Young and Youngs Tax Services, and

8  (2) he never employed Tina Pallister to recruit tax filers on whose behalf he could file tax

9  returns.

10      **B.**    **Summary of Evidence Revealing that CLEO REED, JR., Made False**

11  **Statements to IRS Agents During the February 2015, and May 2019,**

12  **Interviews, and Aided in the Preparation of False Returns During 2014**

13      29.    During early-2014, 142 tax returns[2] were filed in the name of, and using the

14  EFIN assigned to, Yudorian Young and Youngs Tax Services, and 26 paper tax returns

15  were filed using the PTIN, but not the EFIN, assigned to Yudorian Young and Youngs

16  Tax Services.  Below, I discuss the circumstances in which the 142 tax returns were filed

17  electronically.  These circumstances demonstrate probable cause that CLEO REED, JR.,

18  participated in filing tax returns through Youngs Tax Services and that he used Tina

19  Pallister to recruit tax filers on whose behalf, CLEO REED, JR., filed tax returns.

20                     *57 of the 142 Tax Returns Filed by Youngs Tax Services During*

21                     *2014, Were Filed from CLEO REED, JR. 'S Residence*

22      30.    My review of IRS records has revealed that approximately 57 of the 142

23  tax returns filed by Youngs Tax Services during 2014, were filed between February 12,

24  2014, and February 18, 2014, from the IP address 174.21.182.188.  Specifically of the 57

25  tax returns,

26  

27  [2] I note that SA Hergert's Affidavit referenced 141 tax returns, instead of 142. That's due to the fact that SA Hergert

28  referenced a slightly different date range. That is, he reviewed tax returns filed beginning on February 13, 2014, and I reviewed tax returns beginning on February 12, 2014.

SA Sanjay Battan Affidavit
2014R01104 - 12

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- one tax return (in the name of CLEO REED, JR.'s wife, Andrea Reed) was filed on February 12, 2014, at 10:29 p.m.;[3]

- 43 tax returns were filed on February 13, 2014, between 12:03 a.m. and 1:05 a.m.;

- four tax returns were filed on February 14, 2014, between 9:16 a.m. and 10:26 a.m.;

- one tax return on February 15, 2014, at 8:48 a.m.;

- six tax returns filed on February 17, 2014, between 9:07 a.m., and 1:18 p.m.; and

- two tax returns filed on February 18, 2014, between 9:35p.m., and 9:54 p.m.

Of these 57 tax returns, approximately 54 claimed that tax filers were entitled to an EITC refund as a result of the tax filers purportedly earning income by providing Household Help or operating Schedule C businesses.

     31.     My investigation has revealed that the IP address 174.21.182.188, which was used to file the 57 tax returns, was assigned to CLEO REED, JR.'s residence at the time the tax returns were filed during February 2014. That is, my review of a CenturyLink bill has revealed that "Cleo Reed," with an address of 9030 Gayle Ave S Lakewood Washington 98499, subscribed to CenturyLink internet service from January 25, 2014, through February 25, 2014. My review of CenturyLink records has revealed CenturyLink IP address 174.21.182.188 was assigned to subscriber "CLEO REED" between 12:31 a.m. on February 12, 2014, and 5:34 a.m. on February 21, 2014. On October 22, 2019, Richard Simmons informed me that he is the owner of a rental unit located at 9030 Gayle Ave S, Lakewood, WA, and that Park52 is the property

---

[3] The times referenced in this Affidavit are the "electronic postmarked times," that is, the date and time the submission was received by transmitter. The transmitter is the third-party processor relied on by the tax preparer. The electronic postmarked time is the time associated with a filed tax return.

SA Sanjay Battan Affidavit
2014R01104 - 13

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  management company for the rental unit.  Stephanie Elguera, Quality Assurance

2  Coordinator for Park52, Inc., has provided me with lease records reflecting the fact that

3  CLEO REED, JR., and Andrea Reed leased the residence at 9030 Gayle Ave S

4  Lakewood, Washington, on November 1, 2010, and moved out on or about March 3,

5  2014.

6        32.    My investigation also has revealed that the 57[4] tax returns were filed on

7  days that CLEO REED, JR., had off from work.  On October 22, 2019, Sumner School

8  District Employee Diana Thomas, Director of Human Resources, informed me that

9  CLEO REED, JR., was an employee of the School District during 2014, and that

10  February 13, 2014, to February 17, 2014, was a school holiday.

11        33.    In addition, my investigation has revealed that some of the tax filers whose

12  tax returns were filed from CLEO REED, JR.'s residence, delivered their tax information

13  directly to CLEO REED, JR., while others delivered their tax information to Tina

14  Pallister.  My investigation has revealed that tax returns prepared and filed for those same

15  tax filers, fraudulently claimed EITC refunds as a result of the tax filers purportedly

16  earning income by providing Household Help or operating Schedule C businesses.

17        34.    With respect to the tax filers who provided their tax returns to CLEO

18  REED, JR., personally, I note the following:

19        a.    A tax return in G.S.'s name was filed from CLEO REED, JR.'s

20  residence on February 13, 2014, at 12:50 a.m.  On November 7, 2019, and November 20,

21  2019, I, and others, interviewed G.S.  G.S. stated that she had become aware that her

22  neighbor, CLEO REED, SR., prepared tax returns.  In 2014, when she asked him to

23  prepare her 2013 tax return, however, CLEO REED, SR., told her that he was sick, and,

24  therefore, was turning his tax preparation business over to his son.  As a result, G.S.

25  delivered to CLEO REED, JR., the documents he would need to prepare her taxes,

26  including the W-2 she had received from the Department of Social and Health Services

27  _____

28  [4] This 57 tax returns figure includes one tax return that was filed on February 12, 2014 at approximately 10:29 P.M.

SA Sanjay Battan Affidavit
2014R01104 - 14

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   (DSHS), reflecting the fact that DSHS had paid her $2,300 for taking care of her two

2   grandchildren during 2013.  G.S. stated she did not tell CLEO REED, JR., that she had

3   made any additional income other than the W-2 income.  While CLEO REED, JR.,

4   initially told G.S. that he was going to prepare her tax return, CLEO REED, JR., later told

5   her that some people at his office in Puyallup near River Road – that G.S. described as a

6   marijuana store - were going to prepare it.  When shown the 2013 tax return subsequently

7   filed in her name, claiming that she had made $4,800 during 2013, by providing

8   Household Help, and as a result was owed an EITC refund of $1,246, G.S. confirmed that

9   the tax return falsely reported her income.  G.S. added that she never received the refund,

10  however, because it was confiscated by the Department of Education in order to pay an

11  unpaid student loan.  Later, she received a check for approximately $86, representing the

12  amount remaining after her student loan had been paid.

13          b.      A tax return in N.W.'s name was filed from CLEO REED, JR.'s

14  residence on February 15, 2014, at 8:48 a.m.  On March 29, 2019, and May 22, 2019, I,

15  and others, interviewed N.W.  N.W. stated that during 2014, her mom, G.S., told her that

16  "CLEO, JR.," prepared tax returns.  (While N.W. did not know CLEO, JR.'s last name,

17  when shown a photo of CLEO REED, JR.'s residence, located at 9030 Gayle Ave S

18  Lakewood Washington, she correctly identified it as CLEO REED, JR.'s residence.

19  Accordingly, herein, I refer to CLEO, JR., as CLEO REED, JR.)  When N.W.

20  subsequently discussed with CLEO REED, JR., the fact that she usually had her taxes

21  prepared by H&R Block, CLEO REED, JR., responded that he could get N.W. more

22  money than H&R Block.  In response, N.W. delivered to CLEO REED, JR., the

23  documents he would need to prepare her taxes, including two Forms W-2 she had

24  received from Kim's, Inc., and Apple American Group, reflecting the facts that during

25  2013, these companies had paid her $5,894, and $257, respectively.  N.W. stated that she

26  did not tell CLEO REED, JR., that she had made any additional income.  When shown

27  the 2013 tax return subsequently filed in her name, claiming that she had made $10,800

28  during 2013, by providing Household Help, and as a result was owed an EITC refund of

SA Sanjay Battan Affidavit
2014R01104 - 15

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 | $7,372, N.W. confirmed that the tax return falsely reported her income. N.W. added that

2 | she did receive a tax refund as a result of the 2013 tax return filed in her name, but she

3 | could not remember the amount.

4 |         c.     A tax return in R.N.'s name was filed from CLEO REED, JR.'s

5 | residence on February 13, 2014, at 8:23 a.m. On March 1, 2019, and April 10, 2019, I,

6 | and others, interviewed R.N. R.N. stated that in 2011, CLEO REED, SR., prepared her

7 | 2010 taxes. In 2014, she again planned to request that CLEO REED, SR., prepare her

8 | taxes but was told that he no longer was preparing taxes because he had been raided.

9 | CLEO REED, JR., then offered to prepare R.N.'s 2013 taxes. R.N. accepted that offer

10 | and delivered her tax information to CLEO REED, JR.'s residence at 9030 Gayle Ave S,

11 | Lakewood, Washington. R.N. stated that she correctly informed CLEO REED, JR., that

12 | she earned, at most, only approximately $7,000 during the year from babysitting and

13 | doing other small jobs. CLEO REED, JR., responded that he could "get [her] some more

14 | money," but in addition to his base fee of $400 or $500, she would have to give him a

15 | $500 "tip." When shown the 2013 tax return subsequently filed in her name, claiming

16 | that she had made $16,352 during 2013, by providing Household Help, and as a result

17 | was owed an EITC refund of $8,212, R.N. confirmed that the tax return falsely reported

18 | her income. R.N. added that when she sought to determine the status of her return

19 | through the IRS website, she asked CLEO REED, JR., how much she would receive.

20 | CLEO REED, JR., initially told her that her refund would be $5,900, but over time told

21 | her various figures, including $6,200, $7,200, and $8,200. Ultimately, however, he told

22 | her that the IRS had not released her refund.

23 |      35.    With respect to the tax filer who provided her tax information to Tina

24 | Pallister, I note the following:

25 |         a.     A tax return in A.G.'s name was filed from CLEO REED, JR.'s

26 | residence, on February 13, 2014, at 12:16 a.m. On October 26, 2018, and November 6,

27 | 2019, I, and others, interviewed A.G. A.G. stated that in order to have her 2013 tax

28 | return prepared, she gave her tax information to "Tina," who told A.G. she worked for

SA Sanjay Battan Affidavit
2014R01104 - 16

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   the IRS.  (While A.G. did not know Tina's last name, when shown a photomontage

2   containing Tina Palliser's photo, A.G. identified the photo of Tina Pallister as Tina.

3   Accordingly, herein, I refer to Tina as Tina Pallister. )  A.G. stated that her sole source of

4   income was from Social Security during 2013.  A.G. stated that while discussing A.G.'s

5   taxes, Tina Pallister asked if A.G. did housekeeping work.  When A.G. told Tina that she

6   only cleans her own residence and doesn't provide housekeeping services for pay, Tina

7   Pallister responded that she had to put some type of job on the tax return.  A.G. stated

8   during this discussion, Tina Palliser completed a form that she had A.G. sign.  When

9   shown the 2013 tax return filed in her name, claiming that she had made $15,450 during

10  2013, by providing Household Help, specifically, "House Keeping," as listed on the tax

11  return, and as a result, was owed an EITC refund of $7,240, A.G. confirmed that the tax

12  return falsely reported that she earned funds during 2013 from housekeeping.  A.G.

13  stated that Tina Pallister ultimately gave A.G. a tax refund of approximately $3,000.

14          b.      Evidence located during the search of CLEO REED, JR.'s residence

15  on December 17, 2014, suggests that after Tina Pallister took A.G.'s tax information, she

16  delivered it to CLEO REED, JR., in order for him to prepare A.G.'s tax return.  In

17  addition to the fact that the return was filed from CLEO REED, JR.'s residence, during

18  the search of his residence on December 17, 2014, IRS Agents located a file folder with

19  the name "Pallister, Tina" marked on it along with the names of several clients, including

20  A.G.  Inside that file, were numerous "Tax Information" sheets bearing the information

21  necessary for CLEO REED, JR., to file tax returns.  Among these Tax Information sheets

22  was a sheet which was completed in the name of A.G., and signed by A.G.

23          c.      Finally, I note that the tax return filed in A.G.'s name did not

24  overstate A.G.'s income.  Instead, it misstated the reason that income was paid to A.G.

25  That's because income paid by Social Security to a tax filer does not qualify the tax filer

26  for an EITC when the tax filer did not also earn W-2 wages.

27      36.     My investigation has revealed the HP All-in-One Computer, which was

28  located in the office in CLEO CEED, JR.'s residence during the execution of the Search

SA Sanjay Battan Affidavit
2014R01104 - 17

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   Warrant on December 17, 2014, was used to in various ways to facilitate the filing of
2   fraudulent tax returns through Youngs Tax Services.
3           a.      First, the HP All-in-One was used to create documents to advertise
4   the business.  Specifically, located on the computer was a letter notifying former clients
5   of Just Us Tax Services that Just Us Tax Services and Youngs Tax Services were joining
6   efforts.  The letter, which emphasizes the e-filing ability of the newly formed Young's
7   Tax Services, states, in relevant part:

8       Greetings Valued Customer:
9       This letter is to inform you We're BACK!!! **"Just Us" Tax Services** have joined
10      with **Young's Tax services** (sic) and is back providing your electronically filed
        (E-File) tax returns for the 2013 tax season.
11

12  The letter concludes by providing the following contact information for both CLEO
13  REED, JR., and Yudorian Young:

14
15      Cleo J.  Reed, "Just Us" Tax Services
        Ph.  (253) 228-1311 fax (253)581-1113 or (253) 212-2548
16
17      Youdorian YOUNG YOUNG's Tax Services
        Ph.  (253) 228-8159
18
19          b.      It also was used to receive the EFIN the IRS assigned to Yudorian
20  Young and Youngs Tax Services.  My review of the forensic report for the HP All-In-
21  One computer located in the office of CLEO REED, JR. 's residence, has revealed that in
22  the HP All-In-One recycle bin, there was located a copy of the IRS e-file Application for
23  Youngs Tax Services, EFIN 916730.  The metadata provided in the forensic report has
24  revealed that this file had a created date, modified date and accessed date of February 12,
25  2014, 5:58:34 a.m. (Pacific).  My review of IRS records has revealed that the EFIN
26  916730 was activated[5] less than twelve hours before it was received on the HP All-in-
27
    ───────────────────────
28  [5] This is the date that the EFIN can start being used to file tax returns with the IRS.

SA Sanjay Battan Affidavit
2014R01104 - 18

1   One computer, that is, it was activated on February 11, 2014, at 8:04 p.m.  And, as noted

2   herein, the following day, February 12, 2014, the first of the 57 Youngs Tax Services tax

3   returns were filed from CLEO REED, JR.'s residence.

4             c.       Finally, the HP All-in-One appears to have been used to determine

5   which tax returns had been filed with the IRS by the third-party transmitter, TaxWise[6],

6   which was used by Youngs Tax Services to file the returns during 2014.  That's because

7   in the Temporary Internet Files directory of the HP All-in-One, there was a "comma

8   separated values file" (known as a CSV file) that can be opened as a spreadsheet.  My

9   review of that spreadsheet has revealed that the username associated with the tax returns

10  identified in it was "Cleo." Specifically, the spreadsheet contained a list of 127 tax

11  returns transmitted using EFIN 916730.  Of those 127 tax returns, I determined that (1)

12  50 were filed from CLEO REED, JR.'s residence, (2) 23 were filed from CLEO REED,

13  JR.'s business, (2) one was filed from the Sumner School District, and (3) seven were

14  filed using an IP address associated with CLEO REED, JR.'s mother, Norveen Reed.

15  The spreadsheet was created on February 21, 2014, after these tax returns were filed.

16  Based on my training and experience, based on the location of the file on the computer,

17  the contents, and how the file is laid out, the spreadsheet appears to have been generated

18  by the HP All-in-One computer as the computer operator checked the TaxWise website

19  to determine the status of the tax returns identified in the spreadsheet.

20      37.      My investigation has revealed the Toshiba Computer located in CLEO

21  CEED, JR.'s residence, under his bed, during the execution of the Search Warrant on

22  December 17, 2014, also appears to have been used during the filing of Youngs Tax

23  Services returns during 2014.

24             a.       First, the Toshiba, like the HP All-in-One, appears to have been used

25  to determine which tax returns had been filed with the IRS by the third-party transmitter,

26  TaxWise, which was used by Youngs Tax Services to file tax returns during 2014.  My

27  _____

28  [6] TaxWise Online is a business used by tax filers to electronically file tax returns.

SA Sanjay Battan Affidavit
2014R01104 - 19

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   review of the Toshiba internet search history has revealed that the user visited the

2   TaxWise website on multiple days between February and May 2014, and that the user

3   appears to have searched for the status of various tax returns.  Specifically, the user

4   searched for tax returns filed by (1) six tax filers whose returns were filed on or about

5   February 13, 2014, from IP address 174.21.182.188, that is, the CenturyLink IP address

6   assigned to CLEO REED, JR.'s residence, (2) eight tax filers whose returns were filed

7   from IP address 162.17.177.150, that is, the Comcast IP address assigned to CLEO

8   REED, JR.'s business, Everyday Essentials, and (3) three tax filers whose returns were

9   filed from IP address 98.247.22.58 attributed to CLEO REED, JR.'s mother.  I note,

10  moreover, that the Toshiba Internet Explorer History reveals that on April 15, 2014, the

11  computer operator searched for the status of a tax return filed in the name of a member of

12  the Reed family.  That is, a search was conducted for "reed" on the site

13  "twonline.taxwise.com/SearchReturns. aspx?key=search&q=reed".  Based on my

14  training in internet investigations and experience, I know that the "q" in the URL above is

15  a parameter, and that the user of the Toshiba was searching taxwise.com's server for

16  "reed" return(s).  Additionally, the user searched for tax returns that were in statuses

17  Active and Accepted based on the webpages visited.

18          b.      In addition, the Toshiba appears to have been used to receive and

19  store identification documents requested by Santa Barbara Tax Group ("SBTPG") before

20  it would release tax refunds and preparer fees to Youngs Tax Services.  My review of

21  records received from SBTG has revealed that before SBTG would deliver refund checks

22  to tax filers and preparer fees to Youngs Tax Services, it demanded copies of

23  identification documents or W-2s in S.N.'s and P.C.'s names.  Both S.N. and P.C. have

24  informed me that - consistent with SBTPG's demands - they transmitted their

25  identification documents to "Cleo," the individual who prepared their tax returns.  Copies

26  of various identification documents were found on the Toshiba including (1) an

27  identification card for S.N., whose tax return had been filed from Everyday Essentials on

28  February 14, 2014, at 1:55 p.m. and (2) a drivers' license for P.C., whose tax return was

SA Sanjay Battan Affidavit
2014R01104 - 20

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  filed from IP address 174.21.182.188 on February 13, 2014, at 10:04 am.  Both S.N.'s

2  and P.C.'s returns claimed EITC refunds.

*55 of the 142 Tax Returns Filed by Youngs Tax Services During*
*2014, Were Filed from CLEO REED, JR.'s Business*

5       38.     My review of IRS records has revealed that approximately 55 of the returns

6  that Youngs Tax Services electronically filed during 2014, were filed between

7  February 13, 2014, and April 28, 2014, from IP address 162.17.177.150.  Specifically, of

8  the 55 tax returns:

- On February 13, 2014, four tax returns were filed between 9:47 a.m. and
     11:35 a.m. and nine tax returns between 1:43 p.m. and 7:35 p.m.;

- three tax returns were filed on February 14, 2014, between 1:55 p.m. and
     4:25 p.m., and;

- two tax returns were filed on April 28, 2014 at 6:45 p.m.

14  Of these 55 tax returns, approximately 51 claimed that tax filers were entitled to an EITC

15  refund as a result of the tax filers earning income by providing Household Help or

16  operating Schedule C businesses.

17      39.     My investigation has revealed that the IP address 162.17.177.150, was

18  assigned to CLEO REED, JR.'s business, Everyday Essentials, at the time these 55 tax

19  returns were filed.  That is, my review of Comcast records has revealed that Comcast IP

20  address 162.17.177.150 was assigned to subscriber "CLEROC", at "Essentials Everyday"

21  [sic], 7284 River Road East, Suite E, Puyallup, Washington.  The telephone number 253-

22  230-0609 is listed as part of the subscriber information for IP address 162.17.177.150.

23  That number has been used at various times by CLEO REED, JR.  Moreover, the

24  Comcast account number for this subscriber is No.  XXXX2241.  On January 29, 2014,

25  "Andrea Reed," CLEO REED, JR.'s wife, issued a check for $325.00 to Comcast, on

26  which the memo line states "XXXX2241."

27      40.     My investigation has revealed that both CLEO REED, JR., and his

28  employee, Yudorian Young, filed tax returns from Everyday Essentials during 2014.  On

SA Sanjay Battan Affidavit
2014R01104 - 21

1  December 17, 2014, during the execution of the Search Warrant at Everyday Essentials,

2  the manager of Everyday Essentials, W.T., told SA Hergert that W.T. saw both Yudorian

3  Young and CLEO REED, JR., using a computer to prepare tax returns.  Because the

4  screen was turned away from him, however, he did not know what they were doing at any

5  given time.

6      41.      In addition, my investigation has revealed that of the 55 returns filed from

7  CLEO REED, JR.'s business, at least one of the tax filers delivered her tax information to

8  CLEO REED, JR., or CLEO REED, SR., in order to have her tax return prepared.  My

9  investigation also has revealed that at least one tax filer delivered her tax information to

10  Tina Pallister, in order to have her tax return prepared.  And, my investigation has

11  revealed that the tax returns prepared and filed on behalf of these tax filers fraudulently

12  claimed EITC refunds, as a result of the tax filers purportedly earning income for

13  providing Household Help or operating Schedule C businesses.

14      42.      With respect to the tax filer who provided her tax information to CLEO

15  REED, JR., or CLEO REED, SR., I note the following:

16          a.      A tax return in S.N.'s[7] name was filed from Everyday Essentials on

17  February 14, 2014, at 1:55 p.m.  On November 4, 2019, S.N. informed me that during

18  2009 and 2010, she lived in Sacramento, California, where two individuals, both named

19  "Cleo," prepared her tax returns.  After these individuals moved to Washington, they

20  stayed in contact with clients, including S.N.  During 2014, S.N. called a number

21  associated with the tax preparers and spoke with an "older guy" in order to request the

22  preparation of her 2013 tax return.  S.N. also stated that during 2013, the only W-2

23  income she received was from California Department of Social Services In-Home

24  Supportive Services (DSS IHSS) in the amount of $992.  S.N. stated that she accurately

25  informed "Cleo" of this fact, and provided him via fax, with the W-2 issued by DSS

26  IHSS for the total amount of $992.  When shown the 2013 tax return subsequently filed

27  —————————————————

28  [7] S.N. is the same tax filer discussed in paragraph 37b of this Affidavit.

SA Sanjay Battan Affidavit
2014R01104 - 22

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  in her name from Everyday Essentials on February 14, 2014, claiming that she had made

2  $14,371, during 2013, by providing Household Help, and as a result was owed an EITC

3  refund of $7,078, S.N. confirmed that the tax return falsely reported her income. S.N.

4  added that she received an income tax refund in the amount of $6,407.05.

5      43.    With respect to the tax filer who provided her tax information to Tina

6  Pallister, I note the following:

7          a.    A tax return in J.G.'s name was filed from Everyday Essentials on

8  March 12, 2014 at 3:51 p.m. On February 22, 2019, and November 6, 2019, I, and

9  others, interviewed JG. J.G. stated that during 2014, after a friend recommended a tax

10 preparer named Tina, J.G. talked with Tina about her taxes. (While J.G. did not know

11 Tina's last name, when shown a photomontage containing Tina Palliser's photo, J.G.

12 identified the photo of Tina Pallister as Tina. Accordingly, herein, I refer to her as Tina

13 Pallister). Among other things, Tina Pallister told J.G. she had a lot of clients and that

14 her fee for preparing J.G.'s taxes would be approximately $2,500. J.G. stated that in

15 addition to verbally giving Tina Pallister information relating to her taxes, she gave Tina

16 Pallister various documents, including a Form W-2 she had received from her employer,

17 U.S. Security, reflecting the fact that the company had paid her $1,443 during 2013. J.G.

18 stated that she also earned some income for babysitting in 2013, but the total amount

19 earned was significantly less than $1,500. J.G. stated that she did not tell Tina Pallister

20 that had made any additional income. J.G. stated that before Tina Pallister left, she

21 completed a form containing some of the information J.G. had given her, which she had

22 J.G. sign. When shown the 2013 tax return filed in her name, claiming that she had made

23 $14,712, and $132 during 2013, by providing Household Help, and working for U.S.

24 Security, respectively, and as a result was owed an EITC refund of $7,801, J.G.

25 confirmed that the tax return falsely reported her income, and noted that a false Form W-

26 2 had been attached to the tax return. That false W-2 stated that she had earned $132 at

27 U.S. Security, instead of the $1,443, that she actually earned. J.G. added that she did not

28 receive a tax refund as a result of the 2013 tax return filed in her name, and that she did

SA Sanjay Battan Affidavit
2014R01104 - 23

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  not know why.  Based on my analysis of J.G.'s 2013 IRS tax transcript, I note that the

2  EITC refund was reversed by the IRS, and therefore, the refund was not issued to J.G.

3          b.      Evidence located during the search of CLEO REED, JR.'s residence

4  on December 17, 2014, suggests that after receiving J.G.'s tax information, Tina Pallister

5  delivered it to CLEO REED, JR., in order to prepare J.G.'s tax return.  In addition to the

6  fact that J.G.'s tax return was filed from CLEO REED, JR.'s business, during the search

7  of his residence on December 17, 2014, IRS Agents located a file folder with the name

8  "Pallister, Tina" marked on it along with the names of several clients, including J.G.

9  Inside that file, were numerous "Tax Information" sheets bearing the information

10  necessary for CLEO REED, JR., to file tax returns.  Among these Tax Information sheets

11  was a sheet completed in the name of, and signed by, J.G.

12          44.      There is probable cause to believe that the HP Pavilion Computer seized

13  during the execution of the Search Warrant at Everyday Essentials during December

14  2014, was used during the tax fraud scheme.  Not only has the investigation revealed that

15  tax returns were filed from Everyday Essentials during 2014, on May 9, 2019, CLEO

16  REED, JR., informed me that the computer located at Everyday Essentials and imaged by

17  IRS Agents was his computer.  I also note that while SA Hergert's review of the

18  computer did not reveal documents relating to the preparation of taxes during 2014, SA

19  Hergert did locate documents on the computer which related to the preparation of taxes

20  during years prior to 2014.  Finally, I note that the absence of documents relating to the

21  filing of tax returns during 2014 may well be due the fact that CLEO REED, JR., and

22  Yudorian Young used TaxWise, an online tax preparation service, to prepare the tax

23  returns they filed.  While they might not have retained any copies of the tax returns they

24  filed, if they chose to retain copies of the returns, they could have saved the tax returns on

25  the TaxWise website.  In that event, one would not expect that SA Hergert's keyword

26  search would locate copies of the filed tax returns.

27

28

SA Sanjay Battan Affidavit
2014R01104 - 24

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

*Two of the 142 Tax Returns Filed by Youngs Tax Services During
2014, Were Filed From an IP Address Assigned to the Sumner
School District, CLEO REED, JR.'s Place Of Employment*

45.     My review of IRS records has revealed that two of the 142 tax returns that
Youngs Tax Services filed during 2014, were filed on Monday, March 10, 2014, at
approximately 2:34 p.m., Pacific Time ("PT"), and Friday, March 14, 2014, at
12:46 p.m., PT, from IP address 168.212.252.62.  One of these returns, filed on behalf of
K.R., claimed that the tax filer was entitled to an EITC refund as a result of the tax filer
earning income by providing Household Help.

46.     My Review of American Registry for Internet Numbers records has
revealed that IP address 168.212.252.62 is controlled by Washington School Information
Processing Cooperative.  Kyal Olson, Network Admin Supervisor for the Sumner School
District has informed me that the IP address 168.212.252.62 was assigned to the Sumner
School District, CLEO REED, JR.'s place of employment, at the time the two tax returns
discussed above were filed.

47.     My investigation has revealed that CLEO REED, JR., should have been at
work on March 10, 2014, and March 14, 2014.  That is, my review of the Sumner School
District calendar for 2014, has revealed that March 10, 2014, and March 14, 2014, were
not School District holidays.  And, my review of Sumner School District records has
revealed that CLEO REED, JR., did not use sick leave on those dates.

*23 of the 142 Tax Returns Filed by Youngs Tax Services During
2014, Were Filed From An IP Address Associated With CLEO
REED, JR.'s Mother, Norveen Reed*

48.     My review of IRS records has revealed that approximately 23 of the 142
tax returns filed by Youngs Tax Services during 2014, were filed between February 20,
2014, and April 17, 2014, from IP address 98.247.22.58.  Specifically, of the 23 tax
returns:

SA Sanjay Battan Affidavit
2014R01104 - 25

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   • One Tax return was filed on February 20, 2014,

2   • Two Tax returns was filed on March 12, 2014,

3   • One Tax return was filed on March 13, 2014,

4   • One Tax return was filed on March 16, 2014,

5   • Two Tax returns was filed on March 19, 2014,

6   • Two Tax returns was filed on March 23, 2014,

7   • One Tax return was filed on March 24, 2014,

8   • Two Tax returns was filed on March 26, 2014,

9   • Two Tax returns was filed on April 2, 2014,

10   • Four Tax returns was filed on April 7, 2014,

11   • Three Tax returns was filed on April 11, 2014,

12   • One Tax return was filed on April 13, 2014, and

13   • One Tax return was filed on April 17, 2014.

14

15   49.   19 of these 23 tax returns were filed on various dates as listed above,

16   between 3:32 p.m. and 8:41 p.m. and four of the returns were filed between 10:52 am and

17   11:57 p.m.

18   50.   Of these 23 tax returns, approximately 19 claimed that tax filers were

19   entitled to an EITC refund as a result of the tax filers earning income by providing

20   Household Help or operating Schedule C businesses.

21   51.   My review of Comcast communication records has revealed that IP address

22   98.247.22.58 is a non-static IP address assigned to Comcast. Based on my training and

23   experience, I am aware that a non-static IP address may be assigned to the same Comcast

24   customer for several years. Comcast, however, cannot locate related records due to the

25   time frame requested. My investigation has revealed, however, that during the relevant

26   time period, CLEO REED, JR.'s mother, Norveen Reed, appears to have used the IP

27   address 98.247.22.58. That is, my review of JP Morgan Chase ("JPMC") records has

28   revealed that account number XXXX8710 is held by CLEO REED, JR., and his mother,

SA Sanjay Battan Affidavit
2014R01104 - 26

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  Norveen Reed.  Between September 27, 2013, and January 3, 2015, user "veennor13,"

2  used IP address 98.247.22.58 to log into the JPMC bank account website on several

3  occasions.  Given that there were only two signors on the account, it would appear likely

4  that Norveen Reed was using the username veennor13, as well as IP address

5  98.247.22.58.

6  **V.    COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS**

7       52.    As discussed above, the evidence has revealed that fraudulent tax returns

8  were filed from CLEO REED, JR.'s residence and business.  Many of those returns were

9  filed during February 2014, when CLEO REED, JR., was on leave during his employer's

10  holidays.  Despite this evidence, during my interview of him in May 2019, CLEO REED,

11  JR., denied that he filed the returns from his residence and business.  Instead, he claimed

12  that his employee, Yudorian Young, filed returns from Everyday Essentials, and implied

13  his mother and father filed returns from his residence.

14       53.    Given CLEO REED, JR.'s denial of his own involvement in filing tax

15  returns through Youngs Tax Services, fraudulently claiming EITC refunds, I am

16  requesting authorization to reexamine the images of the computers seized from CLEO

17  REED, JR.'s residence and business.

18       54.    In re-examining the computers, I will search for evidence of who controlled

19  the computers during 2014, when tax returns were filed using the EFIN assigned to

20  Youngs Tax Services.  I will seek to develop a timeline analysis of the low-level[8]

21  electronic events that would indicate who was accessing and using a device to transmit

22  and file tax returns.

23       55.    I know that forensic evidence on a digital device or other electronic storage

24  media can also indicate who has used or controlled the device.  This "user attribution"

25

26

27

28

---

[8] Low-level events on a computer can include items such as log files, when applications were installed, accessed, modified, and when the user logged in and out.

SA Sanjay Battan Affidavit
2014R01104 - 27

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  evidence (i.e. is analogous to the search for "indicia of occupancy" while executing a

2  search warrant at a residence.  For example, registry information, configuration files, user

3  profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, the

4  presence or absence of malware, and correspondence (and the data associated with the

5  foregoing, such as file creation and last-accessed dates) may be evidence of who used or

6  controlled the digital device or other electronic storage media at a relevant time.

7       56.    Accordingly, as further described in Attachment B, this application seeks

8  permission to locate not only computer files that might serve as direct evidence of the

9  crimes described in the warrant, but also for forensic electronic evidence that establishes

10  how digital devices or other electronic storage media were used, the purpose of their use,

11  who used them, and when.

12       **VI.   ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

13       **A.   Scope of Examination**

14       57.    Based on my consultation with those who have specialized knowledge of

15  computers and other electronic devices, I understand that computers and electronic

16  storage media, like those imaged in in this case, can store information for long periods of

17  time.  Similarly, things that have been viewed via the Internet are typically stored for

18  some period on the device used to access the Internet.  This information can sometimes

19  be recovered with forensic tools.  In addition, I know that when images are made of

20  computers and electronic storage media, the encase Image File Format ("E01") is an

21  absolute physical bit stream of data is produced.  This is a bit-for-bit copy of what existed

22  on the hard drive.  This procedure is known as disk imaging.  The data and integrity of an

23  E01 can be validated calculating hashes using the MD5 and or SHA1 algorithms.  The

24  hash values are compared to the known hash value to ensure the integrity of the E01.

25       58.    As further described in Attachment B, this application seeks permission to

26  locate forensic evidence of who used computers, and when.  Based on my training and

27  experience, there is probable cause to believe that this forensic electronic evidence might

28  be on the Images because:

SA Sanjay Battan Affidavit
2014R01104 - 28

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.     Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.     The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.     Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a thing is not present on a storage medium.

SA Sanjay Battan Affidavit
2014R01104 - 29

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

59.     Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**B.     Search Technique**

60.     Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, law enforcement personnel will execute the search of the Images pursuant to this warrant as follows: Searching the Images for the items described in Attachment B may require a range of data analysis techniques.  In some cases, it is possible for agents and analysts to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence.  In other cases, however, such techniques may not yield the evidence described in the warrant, and law enforcement may need to conduct more extensive searches to locate evidence that falls within the scope of the warrant.  The search techniques that will be used will be only those methodologies, techniques and protocols as may reasonably be expected to find, identify, segregate and/or duplicate the items authorized to be seized pursuant to Attachment B[9] to this affidavit.

## VII.    CONCLUSION

61.     For the reasons set forth above, there is probable cause to believe that evidence of False Statement, in violation of Title 18, United States Code, Section 1001,

---

[9] The purpose of using specially trained computer forensic examiners to conduct the imaging of digital device or other electronic storage media is to ensure the integrity of the evidence and to follow proper, forensically sound, scientific procedures. When the investigative agent is a trained computer forensic examiner, it is not always necessary to separate these duties. Computer forensic examiners often work closely with investigative personnel to assist investigators in their search for digital evidence. Computer forensic examiners are needed because they generally have technological expertise that investigative agents do not possess. Computer forensic examiners, however, often lack the factual and investigative expertise that an investigative agent may possess on any given case. Therefore, it is often important that computer forensic examiners and investigative personnel work closely together.

SA Sanjay Battan Affidavit
2014R01104 - 30

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  and Aiding or Assisting in the Preparation of False Tax Returns, in violation of Title 26,

2  United States Code, Section 7206(2), is located in the Images of three computers seized

3  pursuant to the execution of Search Warrants on December 17, 2014, as more fully

4  described in Attachment A to this Affidavit.  I therefore request that the Court issue a

5  warrant authorizing a search of the Images for the items more fully described in

6  Attachment B hereto, incorporated herein by reference, and the seizure of any such items

7  found therein.

8

9

10  Sanjay Battan, Affiant

11  Special Agent

12  Internal Revenue Service
   Criminal Investigation

13

14  SUBSCRIBED and SWORN to before me this 17th day of January 2020.

15

16

17

18  J. RICHARD CREATURA
   United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

SA Sanjay Battan Affidavit
2014R01104 - 31

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800